**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| Andrea Horner<br>2541 Hendershot Road<br>Waterford, Ohio 43215<br><br>  Plaintiff,<br><br>v.<br><br>Midwest Fidelity Services, LLC<br>c/o Corporation Service Company<br>50 West Broad Street, Suite 1330<br>Columbus, OH 43215<br><br>  Defendant. | Case No.     2:21-cv-00804<br><br>District Judge<br><br>Magistrate Judge<br><br><br>**<u>JURY DEMAND ENDORSED HEREIN</u>** |

**COMPLAINT FOR MONEY DAMAGES AND OTHER RELIEF**

The following allegations are based upon Plaintiff Andrea Horner's personal knowledge, the investigation of counsel, and information and belief. Plaintiff, through counsel, alleges as follows:

**I. JURISDICTION**

1. This Court has jurisdiction over the First Count pursuant to the FDCPA, 15 U.S.C. § 1692k(d) and 28 U.S.C. 1331 and 1337.

2. This Court has supplemental jurisdiction over the Second Count.

3. This Court has personal jurisdiction over the Defendant because the Defendant transacts business within this District, and the Defendant attempted to collect the debt in this District. *International Shoe v. Washington*, 326 U.S. 310 (1945).

4. Venue is proper in accordance with 28 U.S.C. § 1391(b)(1).

**II. PARTIES**

1

5. Plaintiff is a natural person currently residing 2541 Hendershot Road, Waterford, Ohio 43215.

6. Plaintiff is a **consumer** within the meaning of the FDCPA at 15 U.S.C. § 1692a(3).

7. Defendant is a debt collector organized with its principal place of business in Ottawa, Kansas.

8. Defendant is a **debt collector** within the meaning of the FDCPA at 15 U.S.C. § 1692a(6).

9. Defendant acquired its interest in the alleged debt after the debt was in default or past due.

10. At all relevant times, Defendant treated the alleged debt in default.

11. Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

12. Defendant uses the instrumentalities of interstate commerce in its principal business purpose which is the collection of debts.

### III. FACTUAL ALLEGATIONS

13. Plaintiff incorporates all other paragraphs in this Complaint by reference as though fully written here.

14. In 2016 Plaintiff suffered from alcoholism.

15. On or about October 2016, Plaintiff voluntarily underwent treatment for alcoholism at Executive Recovery Center ("ERC").

16. ERC informed Plaintiff that it would use Plaintiff's health insurance to cover the cost of her treatment.

17. Plaintiff paid $500 to ERC prior to undergoing treatment.

18. ERC filed a claim and was paid by Plaintiff's health insurance.

19. Prior to treatment, ERC represented to Plaintiff that if any treatment expenses were not covered by Plaintiff's insurance, ERC would not attempt to collect from Plaintiff.

20. Plaintiff recovered and voluntarily left ERC after undergoing treatment.

21. Years later, Defendant sent Plaintiff a letter dated April 19, 2019 stating that Defendant was attempting to collect a balance of $63,383.24 on behalf of ERC. A true and accurate copy of the April 19, 2019 letter is attached hereto as Exhibit A.

22. Plaintiff called ERC to get information and help regarding Defendant's collection efforts.

23. ERC could not help or provide information related to Defendant's collection efforts.

24. Plaintiff disputed the debt to Defendant.

25. Plaintiff started receiving phone calls from Defendant asking her to pay various amount of money.

26. Defendant sent Plaintiff a letter dated January 29, 2019 stating that Defendant was attempting to collect on a balance of $6,329.52 on behalf of ERC. A true and accurate copy of the January 29, 2019 letter is attached hereto as Exhibit B.

27. Defendant sent Plaintiff a letter dated December 2, 2020 stating that Defendant was attempting to collect on a balance of $14,800.63 on behalf of ERC. A true and accurate copy of the December 2, 2020 letter is attached as Exhibit C.

28. During this time period Defendant reported a balance of $1808.00 on Plaintiff's credit report.

29. Defendant's December 2, 2020 letter is false, misleading and untrue because Plaintiff does not owe the amount identified in the letter.

30. Because of Defendant's false, misleading and untrue communications, Plaintiff is confused as to what amount, if any, is owed.

31. Defendant never validated or verified the alleged debt Plaintiff disputed.

32. Defendant continued to call Plaintiff using various false phone numbers.

33. As a result of the Defendant's conduct, Plaintiff suffered emotional distress, including anxiety, stress, frustration and sleepless nights related to Defendant's demands for amounts of money that were not owed.

## IV. FIRST COUNT – FDCPA VIOLATIONS AGAINST DEFENDANT

34. Plaintiff incorporates all other paragraphs in this Complaint by reference as though fully written here.

35. Defendant's actions as described herein, violate the Fair Debt Collection Practices Act ("FDCPA") at 15 U.S.C. § 1692 *et seq.*

36. Defendant attempted to collect a debt when it knew or should have known that the that the debt was not valid, authorized, or accurate.

37. Defendant's communications, written and telephonic, falsely represented the character, amount, legal status, and the services rendered related to the alleged debt in violation of 15 U.S.C. § 1692e(2)(A) and (B).

38. Defendant violated 15 U.S.C. §1692g (b) by failing to cease collection efforts prior to verifying the debt after it was disputed.

39. Defendant's actions caused Plaintiff emotional distress, frustration, confusion, anxiety and worry.

40. Plaintiff's emotional distress was caused by the Defendant's violations of the FDCPA.

41. Therefore, Defendant is liable to Plaintiff under this Count for its FDCPA violations in an amount equal to or greater than: actual damages of at least $25,000, 15 U.S.C. 1692k(a)(1);

statutory damages in an amount up to $1,000, 15 U.S.C. 1692k(a)(2)(A); and costs of this action and attorney's fees, including pursuant to 15 U.S.C. 1692k(a)(3).

## V. SECOND COUNT – CSPA VIOLATIONS AGAINST DEFENDANT

42. Plaintiff incorporates all other paragraphs in this Complaint by reference as though fully written here.

43. Defendant is a person engaged in the business of effecting or soliciting consumer transactions.

44. Defendant is a Supplier within the meaning of R.C. § 1345.01(C) as it is engaged in the business of effecting or soliciting consumer transactions.

45. Plaintiff is a Consumer within the meaning of R.C. § 1345.01(D).

46. The rehabilitation treatment and services Plaintiff received from ERC were primarily for personal, family or household use.

47. Defendant's actions constitute unfair, deceptive and unconscionable acts or practices in connection with a consumer transaction in violation of the Ohio CSPA.

48. There are rules, written statements, and interpretations adopted or used by the Ohio Attorney General made available for public inspection that detail specific acts or practices that violate R.C. 1345.02, 1345.03, or 1345.031 of the CSPA.

49. Defendant's acts or practices are the same acts or practices previously identified in the public inspection files published by the Ohio Attorney General as specific acts or practices that violate the CSPA.

50. All Defendant's activities related to Plaintiff were done knowingly as defined by the CSPA.

51. Based on Defendant's violations of the CSPA, Defendant is liable to Plaintiff for her actual damages trebled or $200 and her attorney fees. Defendant is also liable to Plaintiff for at

least $5,000.00 in non-economic damages pursuant to R.C. § 1345.09(B) and that amount is subject to trebling.  Plaintiff seeks the maximum statutory, economic, non-economic, and treble damages related to her claims along with his reasonable attorney fees.

## IX. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully request that this Court:

A. Assume jurisdiction of Plaintiff's claims;

B. Grant judgment in favor of Plaintiff on her claims;

C. Grant Plaintiff the maximum damages she seeks on her counts, including the maximum statutory damages available under each claim where statutory damages are available, and the maximum economic and non-economic damages available, including actual, emotional, general, and other damages;

D. Award Plaintiff the costs of this litigation, including filing fees and costs;

E. Award Plaintiff her attorney's fees;

F. Award such other relief as the Court deems appropriate.

Dated: February 24, 2021

Respectfully Submitted,
Kohl & Cook Law Firm, LLC


/s/ *Sean M. Kohl*
Timothy J. Cook (0093538)
Sean M. Kohl (0086726)
*Attorneys for Plaintiff*
1900 Bethel Rd.
Columbus, OH  43022
(614) 763-5111 PH
(937) 813 6057 FAX
timothy@kohlcook.com

**JURY TRIAL DEMANDED**

Plaintiff respectfully request a jury trial on all triable issues.

/s/ *Sean M. Kohl*
Sean M. Kohl (0086726)